## C. J. COKER *v.* THE COMMONWEALTH FOR THE USE OF JACOB POWELL.

Bond of Sheriff—Breach—Leaving State After Property Comes in His Hands.
Property coming into a sheriff's hands on attachment, must be preserved, and an illegal conversion of same, and leaving of the state, is a breach of his bond.

Same—Pleading—Petition.
A petition that charges such a breach, is substantially good.

Same—Cause of Action—When Will Accrue.
A cause of action thereon, would not however accrue until the attaching creditor had obtained his judgment in the attachment suit.

Same—Statute of Limitations.
Such judgment being rendered within seven years from the institution of an action, the statute of limitations would not discharge the sureties.

APPEAL FROM FULTON CIRCUIT COURT.

February 19, 1870.

OPINION OF THE COURT BY JUDGE ROBERTSON:

The legal effect of the sheriff's bond is to guarantee his faithful performance of every official duty. When he attached the horse the law requires him to keep it subject to the order and disposition of the court; and consequently his illegal conversion of it to his own use and leaving the state without accounting for it was a breach of his bond. The petition sufficiently charges that breach, and is, therefore, substantially good.

The cause of action did not, however, accrue, as complete and maintainable, until after the attaching creditor had obtained his judgment in the attachment case. And therefore as that judgment was rendered within seven years preceding the institution of this action against the sureties in the bond, the statute of limitations does not discharge them from this liability.

Wherefore, perceiving no error in the judgment against these appellants, the judgment is *affirmed.*

*Randle & Tyler, for appellant.*